Andrew Ullrich, Esq.
1260 Stelton Road
Piscataway, New Jersey 08854
(732) 985-1900
Attorney for Plaintiff,
American Plaza, L.L.C.

| | | |
|---|---|---|
| American Plaza, L.L.C., | : | Superior Court of New Jersey |
| | : | Middlesex County |
| Plaintiff, | : | Chancery Division |
| | : | General Equity Part |
| vs. | : | Docket No. |
| | : | |
| Marbo Cross Shop, L.L.C., | : | Civil Action |
| | : | |
| Defendant. | : | |
| | : | **Verified Complaint for Damages, Declaratory** |
| | : | **Judgment and Injunctive Relief** |
| | : | |

### NATURE OF THE ACTION

Sheryl Weingarten, a Managing Member of Plaintiff American Plaza, L.L.C. ("AP"), a New

Jersey limited liability company having an office at 1260 Stelton Road, Piscataway, New Jersey

08854, by way of Verified Complaint for Declaratory Judgment and Injunctive Relief, hereby

seeks on AP's behalf a declaratory judgment that it may proceed with the development of

property as requested and described in the letter and site plan annexed hereto as **Exhibit 1**,

and that Defendant Marbo Cross Shop, L.L.C. ("MCS") is enjoined from interfering with AP's

efforts to develop such property in a manner approved by the relevant governing bodies.

### FACTS COMMON TO ALL COUNTS

1. By Agreement and Declaration of Easements dated as of February 23, 1996 by Marlboro

   Crossings and Regal Cinemas, Inc. ("Agreement", a copy of which is attached here to as

   **Exhibit 2**), the signatories thereto provided how certain real property, located at Route

1

9 and Texas Road in Marlboro and Old Bridge Townships, Monmouth and Middlesex

Counties, would be operated as a unified shopping center.

2. MCS is the successor in interest to Marlboro Crossings and the owner of the portion of

the shopping center referred to as Parcel I in the Agreement, and depicted on the

attached **Exhibit 3**.

3. AP is the successor in interest to Regal Cinemas, Inc., and contract purchaser of the

portion of the shopping center referred to as Parcel II in the Agreement, and depicted

on the attached **Exhibit 4**.

4) Approval from the Township of Marlboro for AP's planned improvements was granted

June 6, 2007 (see attached **Exhibit 5**).

5. Approval from the Township of Old Bridge for AP's planned improvements was granted

April 3, 2007 (see attached **Exhibit 6**).

6. Paragraph 4.2(c) of the Agreement provides, "Neither party shall be permitted to

change the accessways, layout and configuration of the parking spaces at the respective

Parcels without the consent of the other party, which consent shall not be unreasonably

withheld."

7. **Exhibit 7** is a survey of the shopping center in its current condition.

8. Exhibit A is the request from AP to MCS to "change the accessways, layout and

configuration of the parking spaces" at the shopping center, which request attached a

survey depicting the proposed change.

9. Exhibit A contains the exact language from the Agreement concerning MCS' right to either grant or refuse of consent to make the proposed changes, particularly the passage, "which consent shall not be unreasonably withheld."

10. MCS has refused to consent to AP's request.

11. MCS has refused, and cannot, provide any explanation as to why such consent was withheld, and is withholding consent unreasonably.

12. In fact, the approved development depicted in **Exhibit 1** increases the available parking at the shopping center (including the parking available to MCS and its tenants), provides greater access to the shopping center (including the access available to MCS and tenants), enhances the attractiveness of the shopping center and enhances the value of the shopping center for both AP and MCS.

13. The proposed change depicted in **Exhibit 1** does not negatively impact MCS.

14. AP is contractually obligated to a third party to construct the improvements depicted in Exhibit A, and MCS' refusal to consent to these improvements jeopardizes AP's ability to abide by such contractual obligations.

15. The proposed change does not violate the spirit or intent of the Agreement, as AP's and MCS's property will continue to be operated as a unified shopping center and all uses shall be approved by the Townships of Marlboro and Old Bridge.

16. AP applies to this Court for an Order that it may proceed with the construction of improvements to the shopping center in a manner approved by the relevant governing bodies, and that MCS is enjoined from interfering in any way with such construction.

3

17. AP is damaged by the delay caused by MCS' refusal to grant consent to its approved development, and AP's ability to abide by its contractual obligation to construct these improvements is jeopardized by MCS' unreasonable refusal to consent to same.

## COUNT ONE

### (Declaratory Judgment)

18. AP repeats each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

19. As a result of MCS' unreasonable withholding of consent for the proposed improvements to the shopping center, the construction of those improvements has been delayed.

20. While MCS will not be negatively impacted by the improvements in any material sense, AP is damaged by the delay in obtaining MCS's consent for these improvements.

WHEREFORE, AP requests entry of a declaratory judgment specifying the rights of the parties, including, but not limited to:

    a. A declaration that AP may proceed with developing the shopping center as approved by the Townships of Marlboro and Old Bridge;

    b. A declaration that such development is in full compliance with the Agreement;

    c. AP is entitled to all attorneys' fees and costs related to the above-captioned matter, and any such other relief as the Court deems just.

## COUNT TWO

4

**(Injunctive Relief)**

21. AP repeats each and every allegation set forth in the preceding paragraphs as is fully set forth herein.

22. MCS' refusal to consent to the approved development of the shopping center has caused and will continue to cause irreparable injury to AP.

23. AP is contractually obligated to a third party to construct a shopping center on its property.

24. Continued refusal by MCS to consent to the approved development jeopardizes AP's ability to perform its obligations under the aforementioned contract.

25. AP has obtained the requisite approval from all relevant governing bodies to proceed with development, and cannot proceed with such development at any other location.

26. AP intends to develop the shopping center in a manner consistent with the Agreement, at no material detriment to MCS.

27. AP has no adequate remedy at law.

WHEREFORE, AP respectfully requests entry of a permanent injunction enjoining MCS, and any party, known or unknown, acting on behalf of MCS, from

    a. interfering with AP's development of the shopping center as approved by the relevant governing bodies;

    b. interfering with AP's future efforts to obtain permits from the relevant governing bodies for the construction of improvements at the shopping center as approved by the relevant governing bodies;

c.  interfering with AP or any of AP's tenants' use of the shopping center in a manner

permitted by the relevant governing bodies;

d.  interfering with AP or any of AP's tenants in the modification or reconfiguration of

parking spaces at the shopping center, provided same is approved by the relevant

governing bodies and does not materially and adversely affect MCS;

e.  interfering with AP or any of AP's tenants in the modification of the entrances,

roadways and drive aisles at the shopping center, provided same is approved by the

relevant governing bodies and does not materially and adversely affect MCS; and

f.  interfering with AP or any of AP's tenants in the relocation of easement areas at the

shopping center (i.e., parking, utilities and drainage) provided same is approved by

the relevant governing bodies and does not materially and adversely affect MCS.

### COUNT THREE

### (Claim for Damages from MCS' Tortious Interference with AP's Contract Interests and/or

### Prospective Economic Advantage)

28. AP repeats each and every allegation set forth in the preceding paragraphs as is fully set

forth herein.

29. There exists a contractual relationship between AP and its commercial tenant at the

shopping center.

30. MCS is aware of this contractual relationship between AP and its commercial tenant at

the shopping center, and that AP shall anticipates an economic advantage from this

contractual relationship.

31. MCS has knowingly interfered with AP's contractual relationship by wrongfully and maliciously withholding its consent to the shopping center improvements, many (if not all) of which are for the benefit of AP's tenant and subject to the contractual relationship between AP and its tenant.

32. AP has been damaged by MCS' knowing tortuous interference with AP's contractual relationship with its tenant, and the prospective economic advantage AP seeks to derive therefrom.

WHEREFORE, AP demands judgment against MCS for:

a. Compensatory damages, including consequential and incidental damages;

b. Interest, attorneys' fees and costs of suit; and

c. For such other relief as the Court deems just and appropriate.

Andrew Ullrich, Esq.
Attorney for Plaintiff, American Plaza, L.L.C.

Dated: October 29, 2008

### Verification of Complaint by Plaintiff

I, Sheryl Weingarten, do certify that the allegations of the foregoing Verified Complaint are true to my personal knowledge. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sheryl Weingarten, Managing Member,
American Plaza, L.L.C., Plaintiff

Dated: October 29, 2008

7

## Designation of Trial Counsel

Pursuant to R. 4:25-4, ANDREW ULLRICH, ESQ. has been designated as trial counsel in the within litigation.

## Certification Pursuant to R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding. Plaintiff is not currently aware of any other party that should be joined in this action.

## Notice Pursuant to Rules 1:5-1(a) and 4:14-7(c)

**Take notice** that the undersigned counsel for Plaintiff does and hereby demands, pursuant to Rules 1:5-1(a) and 4:14-7(c), that each party herein serve pleadings and interrogatories and receiving answers thereto and documents received pursuant to subpoenas in this matter serve copies of all such pleadings and documents and answered interrogatories received from any party, including any documents, papers and other material, referred to therein upon the undersigned attorney and take notice that this is a continuing demand.

Andrew Ullrich, Esq.
Attorney for Plaintiff, American Plaza, L.L.C.

Dated: October 29, 2008

8

**Andrew Ullrich, Esq.**
**1260 Stelton Road**
**Piscataway, New Jersey 08854**
**Telephone: 732-985-1900**
**Facsimile: 732-985-5588**
**Counsel for Plaintiff,**
**American Plaza, L.L.C.**

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION - MIDDLESEX COUNTY
GENERAL EQUITY PART

| | |
|---|---|
| AMERICAN PLAZA, L.L.C., | Docket No.: |
| Plaintiff(s), | **CIVIL ACTION** |
| vs. | |
| MARBO CROSS SHOP, L.L.C., | **ORDER TO SHOW CAUSE** |
| | **WITH TEMPORARY RESTRAINTS** |
| Defendant(s), | **PURSUANT TO RULE 4:52** |

THIS MATTER being brought before the Court by Andrew Ullrich, Esq., attorney for Plaintiff, AMERICAN PLAZA, L.L.C. ("American"), seeking relief by way of temporary restraints pursuant to R. 4:52, based upon the facts set forth in the Verified Complaint filed herewith; and it appearing that the Defendant MARBO CROSS SHOP, L.L.C. ("Marbo") has notice of this application and for good cause shown.

It is on this _____ day of _____, 2008 ORDERED that defendant Marbo appear and show cause before the Superior Court at the Middlesex County Courthouse in New Brunswick, New Jersey at _____ o'clock in the _____ noon or as soon thereafter as counsel can be heard, on the _____ day of _____, 2008 why an order should not be issued preliminarily enjoining and restraining defendant, MARBO CROSS SHOP, L.L.C., from

A.  Interfering with American's development of its property more fully described in the Verified Complaint as approved by the relevant governing bodies;

    B.  Interfering with the activity of American's tenants at the subject property and their efforts to develop the subject property consistent with approvals from the relevant governing bodies;

    C.  Interfering with American's tenants' lawful conduct of business at the subject property;

    D.  Interfering with American and American's tenants' ingress and egress to and from the subject property; and

    E.  Granting such other relief as the court deems equitable and just.

And it is further ORDERED that pending the return date herein, Marbo is temporarily enjoined and restrained from taking any action with regard to American's efforts to develop the subject property consistent with approvals from the relevant governing bodies.

And it is further ORDERED that:

    1.  Marbo may move to dissolve or modify the temporary restraints herein contained on two (2) days notice to Andrew Ullrich, Esq., counsel for American.

    2.  A copy of this order to show cause, verified complaint, legal memorandum and any supporting affidavits or certifications submitted in support of this application shall be served upon Marbo via regular and certified mail within _____ days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

    3.  American must file with the court his/her proof of service of the pleadings on Marbo no later than three (3) days before the return date.

    4.  Marbo shall file and serve a written response to this order to show cause and the request for entry of injunctive relief and proof of service by _____, 2008. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to the Hon. Frank M. Ciuffani, P.J.Ch., Middlesex County Courthouse, 56 Paterson Street, Chambers 306, P.O. Box 964, New Brunswick, New Jersey 08903-0964. You must also send a copy of your opposition papers to American's attorney whose name and address appears above. A telephone call will not protect your rights; you must file your opposition and pay the required fee of $135.00 and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief the plaintiff is seeking.

5. American must file and serve any written reply to Marbo's order to show cause opposition by _____, 2008. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge Frank M. Ciuffani, P.J.Ch.

6. If Marbo does not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the American files a proof of service and a proposed form of order at least three (3) days prior to the return date.

7. If American has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

8. Marbo take notice that American has filed a lawsuit against you in the Superior Court of New Jersey. The Verified Complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the Verified Complaint and proof of service within thirty-five (35) days from the date of service of this order to show cause; not counting the day you receive it.

These documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. Include a $135.00 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your Answer to American's Attorney whose name and address appear above, or to American, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment may be entered against you by default. Please note: Opposition to the order to show cause is not an Answer and you must file both. Please note further; if you do not file and serve an Answer within thirty-five (35) days of this Order, the Court may enter a default against you

for the relief American demands.

      9.   If you cannot afford an attorney, you may call the Legal Services office in the county in which you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

      10. The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than _____ days before the return date.

 

_____

                                            J.S.C.

ATLANTIC COUNTY
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

BERGEN COUNTY
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

BURLINGTON COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl. Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

CAMDEN COUNTY
Deputy Clerk of the Superior Court
Civil Processing Office
2st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

CAPE MAY COUNTY
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609- 463-0313
LEGAL SERVICES

CUMBERLAND COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., PO Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451j-0003

ESSEX COUNTY
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973-622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, PO Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856).848-5360

HUDSON COUNTY
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Ave,
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, PO Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., PO Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY
Deputy Clerk of the Superior Court
Court House
71 Monument Park, PO Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., PO Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY
Deputy Clerk of the Superior Court
Civil Division-Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market St., PO Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.,
PO Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERIVCES
(908) 354-4340

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# Andrew Ullrich, Esq.
# 1260 Stelton Road
# Piscataway, New Jersey 08854
# Telephone: 732-985-1900
# Facsimile: 732-985-5588

*Licensed in NJ*

November 5, 2008

Honorable Judge of the Superior Court of New Jersey
Middlesex County Courthouse
Chancery Division – General Equity Part
56 Paterson Street
New Brunswick, New Jersey 08903

   RE:   **American Plaza, L.L.C. vs. Marbo Cross Shop, L.L.C.**

Dear Honorable Judge:

   Please allow this letter brief to serve in lieu of a more formal brief as support for Plaintiff American Plaza, L.L.C.'s ("American") application to enjoin the Defendant Marbo Cross Shop, L.L.C. ("Marbo") from interfering with efforts to develop a portion of a shared shopping center as approved, and for a declaratory judgment that such development is in accordance with the Agreement and Declaration of Easements between the parties.

## INTRODUCTION

   American and Marbo each own parcels that together comprise of a shopping center straddling the border of Old Bridge and Marlboro Townships.  The shared elements of that shopping center, such as parking and accessways, are governed by an Agreement and Declaration of Easements dated February 23, 1996 (the "Agreement").

1

American intends to change the "accessways, layout and configuration of the parking

spaces" at the shopping center, and the Agreement provides that to do so American must

obtain the consent of Marbo, "which consent shall not be unreasonably withheld."

American requested such consent, which Marbo promptly denied without reason.  Indeed,

no sound reason for denying consent is conceivable, as American is increasing the

parking, increasing access to the shopping center, improving the attractiveness of the

shopping center and enhancing the value of American's and Marbo's parcels.

American is now forced to obtain a judicial declaration that its duly approved

construction plans do not conflict with the terms of the Agreement, and that Marbo is

enjoined from interfering with American's efforts to develop its portion of the shopping

center as approved.

## LEGAL ARGUMENT

### AMERICAN IS ENTITLED TO INJUNCTIVE RELIEF RESTRAINING MARBO FROM INTERFERING WITH DEVELOPING ITS PARCEL AND THE COMMON AREAS AS APPROVED

American has obtained all requisite governmental approvals to develop and

improve its parcel and the shopping center's common elements.  American has requested

consent to change the "accessways, layout and configuration of the parking spaces" at the

shopping center, which consent Marbo has wrongfully, and without explanation,

withheld.  Accordingly, American is entitled to injunctive relief restraining Marbo from

interfering with such approved development.  As this Court is aware, such an award is

warranted when 1.) the movant demonstrates a reasonable probability of success on the

merits of its case; 2.) the balance of the equities favors injunctive relief; 3.) the movant

2

has no adequate remedy at law; 4.) absent injunctive relief, irreparable injury to the

movant is substantial and imminent; and 5.) the public interest will not be harmed.

*Crowe vs. De Gioia*, 90 N.J. 126, 132-34, 447 A.2d 173 (1982); *McKenzie v. Corzine*,

396 N.J. Super. 405, 413, 934 A.2d 651 (App.Div.2007); *Subcarrier Commcn's, Inc. v.*

*Day*, 299 N.J. Super. 634, 638, 691 A.2d 876 (App.Div.1997); *J.H. Renarde, Inc. v. Sims*,

312 N.J. Super. 195, 206, 711 A.2d 410 (Ch. Div.1998). Columbia easily meets each of

these five (5) criteria.

### POINT I

#### American demonstrates a reasonable probability of success on the merits of its case

Section 1.4(a) of the Agreement provides that, "The parties intend that Parcels I

and II shall be developed as a unified shopping center". The site plan for the approved

project American shall construct is consistent with this provision. American's project

will increase parking at the shopping center (including that available to Marbo and its

tenants), provide greater access to the shopping center (including the access available to

Marbo and its tenants), enhance the attractiveness of the shopping center and enhance the

value of the shopping center for both American and Marbo.

Marbo has no reason to refuse consent to these improvements, yet it tersely

rejected American's efforts to obtain such consent.[1] American is clearly entitled to the

relief sought, and will prevail on the merits of its case. Accordingly, injunctive relief is

appropriate.

---

[1] Perhaps Marbo feels it stands to gain monetarily from its refusal to grant consent to the improvements, using some perceived leverage to obtain a financial windfall. American would reject any such attempt as inconsistent with the Agreement and in bad faith.

## POINT II

### A balancing of the equities favors awarding American injunctive relief

A balancing of the equities overwhelmingly favors American.  American has obtained all requisite approvals to develop its parcel consistent with the Agreement.  Further, American has contracted with a third party (a future tenant) to construct a building in reliance upon both those approvals and the Agreement's clear contemplation of such construction.  The Agreement provides that the "accessways, layout and configuration of the parking spaces" can be altered within reason.  The Agreement contains no prohibition of such improvement to the shopping center.  It is clear that American stands to suffer great damage if not awarded injunctive and declarative relief permitting the proposed improvements.

Conversely, Marbo will benefit from significant improvements to the shopping center constructed at someone else's expense, and will suffer no harm in connection with those same improvements.  This fact is supported by the inability of Marbo to support its denial of consent to the improvements with any evidence of detrimental impact.

## POINT III

### American has no adequate remedy at law without an injunction

The within application simply "brings to a head" an issue that would arise sooner or later.  Were American to simply proceed with construction of the improvements, no doubt Marbo (if it indeed feels those improvements are damaging to its interests) would find a way to impede American's progress, using the absence of consent under the

4

Agreement as grounds.  Injunctive and declaratory relief is the only existing avenue for American to obtain the clarity necessary to proceed with construction.

American embarked upon the approval process and contracted with a third party to construct a retail facility in reliance upon contractual language that any change to the parking or accessways would be acceptable, provided such change was reasonable. Without injunctive and declaratory relief supporting American's right to develop the property as approved, American risks having obtained development approvals in vein and losing its tenant.  In short, no monetary award could ever adequately compensate American if the entire premise upon which it purchased its parcel and contracted with its tenant arbitrarily disappears.

## POINT IV

### Absent injunctive relief, American will suffer substantial and imminent irreparable injury

In all likelihood, without Court intervention American is precluded from 1.) developing its property as approved, consistent with the Agreement, and 2.) honoring its obligations under the fully executed and binding contractual agreement with its future tenant to construct a retail facility on its parcel.  In other words, if Marbo is not required to honor its contractual obligation not to unreasonably withhold consent to the approved development of American's parcel, American will have lost both the benefit of its deal with Marbo and its deal with its future tenant.  Such harm cannot be corrected "after the fact."

## POINT V

### Permitting the construction of the proposed improvements will not harm the public interest

American has obtained all relevant governmental approvals, in two separate Townships, to develop its land in a lawful manner. The public has spoken with regard to American's project, and it approves. The municipal land use laws were enacted for a public purpose, and American's project is in compliance with those laws.

## CONCLUSION

American will suffer grave, irreparable injury if Marbo interferes with the approved development of its parcel at the shopping center. By contrast, an injunction barring Marbo from interfering with that development would be in full compliance with the Agreement and in furtherance of municipal land use laws promoting the public welfare. When performing such a balancing test of the relative hardships, the equitable resolution to this matter is apparent: American is entitled to an Order permitting it to proceed with construction of the improvements to the shopping center as approved by the relevant governmental bodies.

Respectfully,

Andrew Ullrich, Esq.
Counsel for Plaintiff,
American Plaza, L.L.C.

CC:    Marbo Cross Shop, L.L.C. (via Overnight Courier)

6