**NOT FOR PUBLICATION**                                        **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

AMERICAN PLAZA, LLC,                          :
                                              :
                          Plaintiff,          :
                                              :   Civil Case No. 08-5963 (FSH)
          v.                                  :
                                              :   **OPINION**
MARBO CROSS SHOP, LLC,                        :
                                              :   Date: February 3, 2010
                          Defendant.          :
                                              :

---

**HOCHBERG, District Judge**

This matter comes before the Court upon Cross Motions for Summary Judgment filed by

Plaintiff American Plaza, LLC ("American") and Defendant Marbo Cross Shops, LLC ("Marbo")

pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1.  The Court has

considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78.[1]

The following facts are not in dispute.  Marbo owns a parcel of land that contains a strip

mall ("Parcel I").  American is in contract to purchase an adjacent parcel of land that contains a

movie theater ("Parcel II").  The two Parcels are currently operated as a unified shopping center.

American is also in contract to purchase an adjoining parcel ("Parcel III"), on which it intends to

build a Costco.  American's plan is to expand the existing unified shopping center to include

Parcel III.  To accomplish this it will demolish the movie theater on Parcel II, construct a Costco

---

[1]       Each party filed an opening brief in support of its motion and a brief in opposition
to its opponent's motion.  For the sake of efficiency and to avoid prejudice, the Court will
consider all arguments by each party to be made both in support of its motion and in opposition
to its opponents motion, without regard whether the argument appears in the opening or
opposition brief.

brand gas station on Parcel II, and convert the rest of Parcel II into parking and accessways for the Costco situated on Parcel III.

I.    **Background/History**

In February 1996, Regal Cinemas Inc. and Marlboro Crossings, American's and Marbo's respective predecessors-in-interest, executed a contract (the "1996 Contract") that governs certain aspects of the use of Parcels I-II.  Below are the contractual provisions relevant to this opinion:

- The 1996 Contract "run[s] with the land" and is "binding upon and inure[s] to the benefit of the parties and their respective successors and assigns."  Herbert Decl. Ex. A § 7.3.

- Parcels I and II must be "developed as a unified shopping center in accordance with the Final Site Plan Approval," which Marlboro Crossings had obtained from the townships of Marlboro and Old Bridge.  *Id.* §§ 1.3-1.4.

- A copy of this Final Site Plan Approval was annexed as an exhibit to the 1996 Contract; it contained a drawing of the unified shopping center, specifying the locations of the theater building, strip mall, parking, and accessways.  *Id.* Ex. C.

- "Neither party [is] permitted to change the accessways, layout and configuration of the parking spaces at the respective Parcels without the consent of the other party, which shall not be unreasonably withheld."  *Id.* § 4.2(c).

- Three easements burdening Parcel I and benefitting Parcel II provide for the use of the 1) internal roadways, 2) pedestrian walkways, and 3) parking spaces located on Parcel I  by the owner of Parcel II (i.e., American) and its customers.  *Id.* § 3.3(b)-(c), 3.4.

- "The Term of this Agreement shall be forty-nine (49) years commencing on the date of

2

this Agreement.  Notwithstanding anything to the contrary, the easements and rights created pursuant to Sections 3.3, 3.4, 3.5, 3.6, 3.8 and 3.9 shall survive the expiration of the term and shall exist in perpetuity." *Id.* § 6.1.

In the Spring of 2007, Marbo and Costco (American's tenant) were negotiating an amendment to the 1996 Contract to permit American's redevelopment plans in exchange for a payment of money by Costco to Marbo.  Concurrently, Costco applied for and obtained regulatory approval for the redevelopment, and Marbo made no objections during the permitting process.  Representatives of Marbo attended a celebration with representatives of American and Costco after the new site plan was approved.  Negotiations between Costco and Marbo to amend the 1996 Contract ultimately faltered.

Subsequently, by letter dated June 11, 2008, counsel for American requested that Marbo execute an Amended and Restated Declaration of Agreement and Declaration of Easements and Restrictions without offering monetary consideration to Marbo.  By letter dated September 4, 2008, counsel for American again requested Marbo's consent to the redevelopment plan without offering monetary consideration.  Marbo refused both requests.

## II.   <u>Procedural History</u>

American brought this action seeking a declaration that it is legally entitled to proceed with the redevelopment (Count I) and an injunction restraining Marbo from interfering with the redevelopment (Count II).  American also alleges that Marbo tortiously interfered with its lease agreement with Costco and/or with its prospective economic advantage by wrongfully withholding consent to the redevelopment (Count III).  Although this case has been pending for over a year, the parties have taken no discovery.  Marbo has moved for summary judgment on all

counts.  American has moved for summary judgment on Counts I-II but not on Count III.

## III.   <u>Standard of Review</u>

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material if it might affect the outcome of the case, and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *seen also Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007).  All facts and inferences must be construed "in the light most favorable to the non-moving party." *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

The party seeking summary judgment must initially provide the Court with the basis for its motion. *Celotex Corp.*, 477 U.S. at 323.  This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23.  In connection with this requirement, Local Civil Rule 56.1 requires the moving party to "furnish a statement which sets forth material facts as to which there does not exist a genuine issue ... citing to the affidavits and other documents submitted in support of the motion."  Local Civ. R. 56.1.  The purpose of such a statement is to narrow the issues raised before the Court and assist in identifying whether material facts are truly in dispute.

4

Once the party seeking summary judgment has carried this initial burden, the burden shifts to the non-moving party.  To avoid summary judgment, the non-moving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial.  *Celotex Corp.*, 477 U.S. at 324. The opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).  Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50.

The non-moving party must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Federal Rule of Civil Procedure 56(e) and Local Civil Rule 56.1, which provides that a summary judgment opponent "shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."

**IV.**   **Discussion**

**A.**   **The Effect of the 1996 Contract on the Current Dispute**

The parties agree that the 1996 Contract is binding on them and do not dispute its terms.

5

Accordingly, this matter is appropriate for summary judgment, since the proper interpretation of an unambiguous contract is a question of law for the court.  *See Tauriello v. Twp. of Edison*, 288 F. App'x 825, 828 (3d Cir. 2008).  "When the terms of the contract are clear and unambiguous, the court must enforce the contract as it is written." *Simonetti v. Selective Ins. Co.*, 859 A.2d 694, 698 (N.J. Super. Ct. App. Div. 2004).

The 1996 Contract unambiguously creates three easements that burden Parcel I and benefit Parcel II.  The proposed redevelopment would expand these easements to benefit Parcel III in addition to Parcel II.  A party cannot unilaterally expand an easement to benefit another parcel.  *Nat'l Silk Dyeing Co. v. Grobart*, 175 A. 91, 96 (N.J. Ch. 1934); *see also Leasehold Estates, Inc. v. Fulbro Holding Co.*, 136 A.2d 423, 434 (N.J. Super. Ct. App. Div. 1958) ("[T]he servient tenement will not be burdened to a greater extent than was contemplated or intended at the time of creating the easement."); *Athens v. Oliver*, No. WRN-C-16017-05, 2005 WL 3047264, at *6 (N.J. Super. Ct. Ch. Div. Nov. 4, 2005) (same).

American argues that the zoning boards of the townships have approved a new site plan, which had the legal effect of vitiating the site plan referenced in the 1996 Contract and thereby altering the 1996 Contract.  While American cites *Stop & Shop v. Township of Springfield*, 744 A.2d 1169, 1177-78 (N.J. 2000), for this proposition, the case does not support American's argument.  It holds that zoning approvals run with the land and benefit subsequent holders – i.e., purchasers of real property may avail themselves of zoning approvals and variances granted to prior owners – not that zoning approvals can alter an existing contract or easement.[2]  *See id.*

_____

[2]    It is likely that any government action awarding use of Marbo's land to American by extending the easements would constitute a taking and require, among other things, that

6

American also argues that the perpetual duration of the easements is unreasonable, citing *Davidson Bros. v. D. Katz & Sons*, 121 N.J. 196, 210-12 (1990), *Alexander's v. Arnold Constable*, 250 A.2d 792 (N.J. Super. Ct. Ch. Div. 1969), and *Cragmere Holding Corp. v. Socony Mobile Oil Co.*, 167 A.2d 825 (N.J. Super. Ct. App. Div. 1961). American's argument is flawed for two reasons. First, these cases concern noncompete covenants, not easements. Unlike a covenant, whose duration may under certain circumstances be reviewed for reasonableness, an easement is an interest in real property. *See Leasehold Estates, Inc. v. Fulbro Holding Co.*, 136 A.2d 423, 433 (N.J. Super. Ct. App. Div. 1958) ("An easement of way is essentially and inherently a legal interest in land, as distinguished from a restriction resulting from a restrictive covenant, which is but a creature of equity arising out of contract."). Second, the three easements in question *belong to American*, in that they burden Parcel I and benefit Parcel II. By its argument, American would have this Court first declare the duration of its *own* easements unreasonable and then turn around and *extend* them to benefit Parcel III in addition to Parcel II. Neither equity nor logic supports this reasoning.

Absent renegotiation with, and payment of some form of consideration to Marbo, American's proposed redevelopment would violate the express, unambiguous terms of the 1996 Contract and the property rights it bestows upon the parties. The three easements on Marbo's land cannot be extended by American to benefit Parcel III without Marbo's consent. Consequently, Marbo is entitled to summary judgment unless American can show that either 1)

_____

Marbo be paid just compensation.

Marbo is equitably estopped from withholding its consent to the redevelopment; or 2) Marbo has wrongfully withheld its consent, in violation of section 4.2(c) of the 1996 Contract.  But these arguments also fail as a matter of law.

### B.      American's Estoppel Argument

American argues that, because Marbo did not object during the regulatory approval process for the new site plan and attended the celebration thereafter, Marbo should be equitably estopped from opposing the redevelopment.  "To establish a claim of equitable estoppel, the claiming party must show that the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action.  Further, the conduct must be relied on, and the relying party must act so as to change his or her position to his or her detriment."  *Miller v. Miller*, 478 A.2d 351, 355 (N.J. 1984); *see also Brown v. Hartford Group*, No. 08-3160, 2009 WL 467846, at *3 (D.N.J. Feb. 23, 2009).  The reliance must also be reasonable.  *See Lesniewski v. W.B. Furze Corp.*, 705 A.2d 1243, 1251 (N.J. Super. Ct. App. Div. 1998).

Marbo has submitted unrebutted evidence by affidavit that American was "well aware" of Marbo's negotiations with Costco (American's tenant) to amend the 1996 Contract, in exchange for consideration.  *See* Sept. 4, 2009 Elbaz Aff. ¶ 4; Def.'s Rule 56.1 Statement ¶ 17.  American does not deny that it was aware of these negotiations; it only denies that it itself was involved in them.  *See* Pl.'s Rule 56.1 Response ¶ 17 ("Denied, as though Plaintiff may have been aware of such negotiations, it was Costco who conducted those negotiations with Defendant."); *see also* Morris Aff. ¶¶ 7-10.  Thus, for the purpose of the summary judgment motions, both the existence

of the negotiations and American's awareness of them are undisputed.  Local Civ. R. 56.1.  It is of no significance to the estoppel argument that American's tenant, rather than American, handled the negotiations.

Since American was aware that Marbo was in negotiations to amend the 1996 Contract in exchange for a payment of money during the permitting process, it would be unreasonable as a matter of law for American to somehow now claim that it relied on Marbo giving its consent to the redevelopment for no monetary consideration.  Marbo had a perfectly logical reason for its non-opposition to the redevelopment plan: it expected to be compensated for extending its easements to a new parcel for the benefit of American.  That is a matter of common sense and a fundamental principle of commerce.  It would be manifestly inequitable for the Court to compel Marbo to *give* its consent to the redevelopment because negotiations for *selling* its consent faltered.  Marbo will not be equitably estopped from withholding its consent to the redevelopment.

### C.    American's Argument that Marbo Unreasonably Withheld its Consent

American argues that Marbo unreasonably withheld its consent, in violation of section 4.2(c) of the 1996 Contract.  Section 4.2(c) provides: "Neither party shall be permitted to change the accessways, layout and configuration of the parking spaces at the respective Parcels without the consent of the other party, which consent shall not be unreasonably withheld."  This provision is inapplicable on its face, in that it governs changes to "the accessways, layout and configuration of the parking spaces."  By contrast, the proposed redevelopment includes not only changes to parking spaces, but also the extension of existing easements to benefit Parcel III, construction of a gas station, demolition of the theater, and combination of the Parcels with the

9

third Parcel containing the Costco.  There is no provision in the contract requiring reasonable consent to these other alterations.[3]  Accordingly, Marbo is not in breach of the contract for unreasonably withholding its consent to the redevelopment.  For the foregoing reasons, Marbo is entitled to summary judgment on Counts I-II.

### D.    American's Tortious Interference Claim

Marbo also moves for summary judgment with respect to American's claim for tortious interference with contract and/or prospective economic advantage (Count III).  A claim for tortious interference under either theory requires that the interference was "without justification." *Interstate Realty Co., L.L.C. v. Sears, Roebuck & Co.*, No. 06-5997, 2009 WL 1286209, at *10 (D.N.J. Apr. 27, 2009).  When a party asserts its reasonable interpretation of its rights under contract, its actions are not "without justification" as a matter of law.  *See id.*  Since, as shown above,  Marbo's interpretation of its right under the contract to refuse to consent to the redevelopment was not "without justification" as a matter of law, a necessary element of a claim for tortious interference is missing.  Accordingly, Marbo is entitled to summary judgment on Count III.

### V.    Conclusion

For the reasons set forth in this Opinion, the Court grants Defendant's Motion for

---

[3]    Even if there were such a provision, significant alterations to the layout of the shopping center and the identity of its tenants would arguably affect Marbo's revenue from its portion of the shopping center as well as its tax obligations.  (The parties dispute what the effects would be, but that is irrelevant.)  In such cases, a party's refusal to consent has been held to be reasonable as a matter of law.  *See Jonas v. Prutraub Joint Venture*, 567 A.2d 230, 232-33 (N.J. Super. Ct. App. Div. 1989) (holding landlord's refusal to permit assignment of commercial lease reasonable as a matter of law where identity of tenant affected landlord's profits and negotiations for compensation in exchange for landlord's consent had failed).

Summary Judgment and denies Plaintiff's Motion for Summary Judgment.  An appropriate Order

will issue.

s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**